## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**vs.**           **No. 11-cv-675-LH/KBM**


**FUNDS IN THE AMOUNT
OF $33,534.93 BANK OF AMERICA
ACCOUNT NUMBER ENDING **8429,**

**FUNDS IN THE AMOUNT
OF $5,118.11 BANK OF AMERICA
ACCOUNT NUMBER ENDING **5054,**

     **Defendants,**

**BRICIA E. HERRERA-HERNANDEZ,**

     **Claimant.**


### MOTION TO DISMISS VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

  COMES NOW, Claimant Bricia Herrera, through counsel, **AEQUITAS LAW, LLC**, Albert L. Hutchinson, Jr. and Anna C. Martinez, hereby moves the Court for an Order, pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P.Supp.R. G(8)(b)(i), dismissing Plaintiff United States of America's Verified Complaint for Forfeiture In Rem on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted under 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 981(a)(1)(A) or 21 U.S.C. § 881(a)(6).

## I.  APPLICABLE STANDARD

### A. THE COMPLAINT IS SUBJECT TO HEIGHTENED PLEADING REQUIREMENTS

The Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") provide the pleading standard for this action. Under Supplemental Rule E, which applies to an action *in rem*, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed.R.Civ.P.Supp.R. E(2)(a). Further, Supplemental Rule G requires that a complaint for civil forfeiture must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed.R.Civ.P.Supp.R. G(2)(f).[1] That is, sufficiently detailed facts to support a reasonable belief that the Government will be able "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1).

Thus, the Supplemental Rules impose a more stringent standard than the pleading requirements of Rule 8-a heightened particularity-in-pleading requirement. *United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008)("The Court agrees with Claimants that Rule G (and its predecessor Rule E(2)) creates a heightened burden for pleading on the plaintiff."); *United States v. Daccarett*, 6 F.3d 37, 47 (2d Cir. 1993)("These standards [under the Supplemental Rules] are more stringent than the general pleading requirements set forth in the Federal Rules of Civil Procedure, an implicit accommodation to the

---

[1] Rule G(2), added in the 2006 amendments, did not change the pleading standard, but rather "carries the forfeiture case law forward without change." Fed.R.Civ.P.Supp.R. G advisory committee's note; *see also United States v. All Assets Held at Bank Julius Baer & Co.*, 571 F. Supp. 2d 1, 16 (D.D.C. 2008) ("The Advisory Committee's Note clarifies that it adopts the standard that evolved in case law interpreting the earlier Rule E(2)(a) requirement and is intended to 'carr[y] forward this forfeiture case law without change.' ... The Court agrees with Claimants that Rule G (and its predecessor Rule E(2)) creates a heightened burden for pleading on the plaintiff.").

drastic nature of the civil forfeiture remedy.")(internal citation omitted); *United States v. Real Property Located at 2323 Charms Road, Milford Tp., Oakland*, 946 F.2d 437, 440-41 (6th Cir. 1991). This heightened standard is "an implicit accommodation to the drastic nature of the civil forfeiture remedy." *Daccarett*, 6 F.3d at 47; *see also All Assets Held at Bank Julius Baer & Co*., 571 F. Supp. 2d at 16 ("The additional burden of pleading requiring 'added specifics is thought appropriate because of the drastic nature of those remedies. Thus, it fortifies the procedural-due-process protections against improper use of these remedies.'")(*quoting* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3242 (2d ed. 1997)); *United States v. 40,000.00 in U.S. Currency*, 2010 WL 2330353, at *2 (W.D.N.C. May 11, 2010)("Because civil forfeiture *in rem* provides the government with a powerful tool to effectuate an immediate deprivation of property (subject to later judicial review), pleading requirements under the Supplemental Rules are more stringent than the general pleading requirements found in the Federal Rules of Civil Procedure.")

### B. THE PLAUSIBILITY STANDARD ALSO APPLIES TO THE COMPLAINT

In addition, the complaint must also conform to the Supreme Court's plausibility standard. It is no longer the case that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007)(*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Rather, to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

In considering a 12(b)(6) motion to dismiss, the court must determine "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at*

*Red Hawk, L.L.C. v. Schneider*, 493 F. 3d 1174, 1177 (10th Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d at 1177. For the reasons set forth herein, Plaintiff's Complaint is subject to dismissal under the standard outlined above.

## II. FACTS ALLEGED

In Plaintiff's Complaint it alleges the following, with regard to the funds seized and/or Claimant Bricia Herrera: On January 15, 2008, Claimant opened savings account number ending **8429 at Bank of America. *Cmplt.* at ¶6. On August 4, 2009, Claimant and Sylvia Q. Anaya opened a checking account at Bank of America with number ending **5054. *Id*. Claimant and her sister, Sylvia Q. Anaya, also purchased a certificate of deposit (account number ending **7123) at Bank of America for $15,500. *Id*. On December 4, 2009, Claimant purchased a certificate of deposit (account number ending **0288) at Bank of America for $25,000. *Id*. The total of both certificates of deposit (CD) was approximately $40,500. *Id*. A query of the New Mexico Department of Workforce Solutions reflected that Herrera-Hernandez' income for the year 2009 was approximately $18,553 from two different employers. *Id*. All of the transactions were conducted by Claimant. *Id*.

Claimant deposited approximately $16,410 from March 2010 through December 2010 into her accounts at Bank of America. *Cmplt.* at ¶7. On December 3,2010, DEA Special Agent Ivar Hella obtained documents regarding the purchase of a 2007 Chevrolet Tahoe and those documents showed that Claimant used two cashier's checks to pay in full for a 2007 Chevrolet

Tahoe on March 17, 2010. *Cmplt.* at ¶8. One check was from Bank of America for $7,500 and the other was from New Mexico Bank and Trust for $16,688.17. *Id.* The date on both of the cashier's checks was March 17, 2010. *Id.* Claimant received a receipt for the 2007 Chevrolet Tahoe for $24,188.17 with zero balance marked. *Id.*

An unspecified "[i]nvestigation revealed that the $16,688.17 check was drawn on account number ending **2360 at New Mexico Bank and Trust" and that "account was closed by Bricia E. Herrera following the issuance of the check." Id. Claimant also used $500 cash and $7,000 from a Certificate of Deposit (CD) to obtain the Bank of America cashier's check in the amount of $7,500. *Cmplt.* at ¶9.

Claimant had two bank accounts at Bank of America: a checking account number ending **5054 with a balance of approximately $4,739.60 and a savings account ending **8429 with a balance of approximately $28,000.71. *Cmplt.* at ¶10. On August 4, 2009, Claimant purchased a certificate of deposit at Bank of America with $15,500 drawn from her checking account ending **5054. *Id.* On December 4, 2009, Claimant purchased a second certificate of deposit at Bank of America with $25,000 also drawn from her checking account ending **5054. *Id.* On March 22, 2010, Claimant purchased a third certificate of deposit with $7,000 cash. *Id.* On May 4, 2010, Claimant redeemed all three CDs at Bank of America for a total of approximately $40,576.72, which an amount was subsequently deposited into her Bank of America checking account number ending **5054. *Id.*

There were eleven deposits of cash in round numbered amounts into Claimant's accounts. *Cmplt.* at ¶12. Round number deposits are allegedly "consistent with amounts obtained from the sale of narcotics." *Id.* On occasion[s] [sic] Plaintiff deposited her paycheck from her employer,

5

Robert's Oil, into the accounts. *Id*. Claimant "utilized funds from two different sources to break up the payment for the 2007 Chevrolet Tahoe on March 17, 2010." *Id*.

In November of 2010, the Drug Enforcement Agency (DEA) conducted an investigation into a drug trafficking organization (DTO), which Plaintiff refers to as the Afredo Pena-Aispuro DTO. *Cmplt*. at ¶13. Plaintiff alleges that "[t]his investigation lead to arrests and the seizure of over sixteen (16) pounds of heroin, seven (7) pounds of methamphetamine and approximately $90,000 cash." *Id*.

Plaintiff alleges that Brenda Herrera-Barraza, another sister of Claimant, was one of those arrested. *Id*. Brenda Herrera allegedly lived with Claimant. Plaintiff further alleges that "[o]ne of the main targets the investigation also was located and arrested at" Claimant's house— although Plaintiff does not identify the alleged "main target" arrested. *Id*.

Claimant is the registered owner of a red Buick Century that was observed on several occasions during surveillance of individuals involved in trafficking heroin. *Cmplt*. at ¶14. Plaintiff alleges that "Claimant was the former girlfriend of 'Tieso' LNU" and that "'Tieso' LNU was arrested, on December 31, 2008, in connection with the purchase of approximately 17 ounces of heroin at a residence containing approximately two kilograms of methamphetamine." *Id*. Plaintiff then alleges in purely conclusory fashion that the "totality of the circumstances establishes that Claimant has been receiving the cash from narcotic sales and has been depositing this cash into her bank accounts." *Cmplt*. at ¶15.

## III. ARGUMENTS AND AUTHORITIES

### A. THE COMPLAINT MUST ALLEGE FACTS THAT DEMONSTRATE THAT IT CAN MEET THE POST-CAFRA STANDARD.

The facts produced at a forfeiture proceeding must constitute preponderance of the evidence that the *res* is subject to forfeiture. 18 U.S.C. 983(c)(1) This determination is a question of law, which is subject to *de novo* review. *United States v. $149,442.43*, 965 F.2d 868, 876 (10th Cir.1992); *United States v. $84,615.00 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir.2004). The Complaint must provide more than naked assertions without further factual enhancement. *Iqbal*, 556 U.S. at 883-884 (internal quotations and citations omitted). It must plead "something beyond…mere possibility." *Id*. at 556-57. Nothing in Plaintiff's Complaint demonstrates anything more than the fact that Plaintiff knew "bad apples" and had money. Under the *Twombly/Iqbal* pleading standard, Plaintiff's Complaint must fail—particularly given the higher burden of proof placed upon the government since 2000 by the Civil Asset Forfeiture Reform Act.

Prior to 2000, the government was only required to prove, by a preponderance of the evidence, that there was probable cause to believe that funds were subject to forfeiture. More specifically, Before CAFRA, section 1615 required that: (1) the government show that probable cause existed to institute a forfeiture action and (2) that the claimant then prove, by a preponderance of the evidence, that the property **was not subject to forfeiture**. *5208 Los Franciscos Way*, 385 F.3d at 1193(emphasis added). By placing the burden of proof on the claimant, §1615 allowed the government to seize property based on nothing more than its initial showing of probable cause in many cases. 146 Cong. Rec. H2040–01, 2051 (daily ed. Apr. 11, 2000)(statement of Rep. Jackson–Lee). Motivated by a concern that this denied citizens due

process, Congress passed CAFRA in 2000. *Id*. CAFRA sets forth the burden shifting analysis for civil forfeiture actions commenced on or after August 23, 2000. 18 U.S.C. § 983.

In those post-2000 forfeiture cases, and pursuant to the Civil Asset Forfeiture Reform Act (CAFRA), the burden is not on the Claimant. Instead, "in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property, (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture..." 18 U.S.C. §983(c)(1). That burden is met when the factfinder is satisfied that the government's allegation is more likely true than not true. 29 Am.Jur.2d Evidence § 157.

Under CAFRA, the "burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture". 18 U.S.C. § 983(c). Rule G of the Supplemental Rules, adopted in 2006, governs the sufficiency of the complaint in a civil forfeiture action. *See* Supplemental Rule G(8)(b)(ii). Rule G provides that, "[t]he complaint must...(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id*. at 2(f). The heighten pleading standard announced under *Twombly* and *Iqbal* apply to civil forfeiture cases. *Iqbal* at 1949("Our decision in *Twombly* expounded the pleading standard all civil actions….")(internal quotations and citations omitted).

In addition to *Twombly* and *Iqbal*, Complaints in civil forfeiture actions must comply with the pleading requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Rule G(2) requires, among other things, that the Complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f). Thus, the standard to be applied in

a civil forfeiture Complaint is more stringent than the notice pleading requirement called for by the Rules of Civil Procedure.

In this case, the government did not even allege facts that could possibly, much less plausibly, allow it to meet that standard. *See, e.g., In re Forfeiture of $180,975*, 478 Mich. 444, 734 N.W.2d 489 (2007)("A preponderance of the evidence, not probable cause for seizure, was correct burden of proof in proceeding for civil forfeiture of drug-related cash.") As a result of the lack of sufficient allegations in the Complaint, the Complaint should be dismissed.

### B. PLAINTIFF'S COMPLAINT IS INSUFFICIENT AND MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6) and FED.R.CIV.P.SUPP.R. G(8)(b)(i)

To determine whether a complaint is sufficient, the court first identifies mere legal conclusions within the complaint and disregards them because they are "not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1949-51. Second, the court is to take the remaining well-pleaded and non-conclusory factual allegations and determine whether those allegations, standing alone, suffice to state a plausible claim for relief. *Id.*

While a court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, mere conclusory allegations without supporting factual averments are not sufficient to state a claim upon which relief can be granted. *Riddle v. Mondragon*, 83 F. 3d 1197, 1202 (10th Cir. 1996). In other words, when reviewing the legal sufficiency of the Complaint under Rule 12(b)(6), a court need not accept the plaintiff's conclusory allegations as being true. *E.F.W. v. St. Stephen's High School*, 264 F.3d 1297, 1306 (10th Cir. 2001).

Applying this approach, the Complaint seeking forfeiture of the defendants *in rem* clearly fails to satisfy the legally required pleading standards. As shown below, the Complaint is based solely upon a single conclusory allegation in ¶15 that largely fails even notice requirements, let

alone the requirement of particularity in stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(6).

Furthermore, when examined in light of the Supplemental Rule's requirements of "particularity" in "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" - "to establish, by a preponderance of the evidence, that the property is subject to forfeiture," it is clear that the Complaint in this case fails. Even the less stringent pleading standard must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (ellipsis in original)(*quoting Conley v. Gibson*, 355 U.S. at 47). Thus, a pleading that offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," or one that sets forth "'naked assertions' devoid of 'further factual enhancement,'" does not pass muster. *Iqbal*, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

In *Twombly*, the United States Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8(a)(2) requires that a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, "the plaintiff must still allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

A complaint is also insufficient if it merely leaves "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at

561. While there is no probability requirement at the pleading stage, "something beyond…mere possibility…must be alleged." *Id*. at 556-57. Here, Plaintiff's Complaint is devoid of the specific facts that would establish any connections justifying the forfeiture of Claimant's funds. If the facts alleged were sufficient then literally anyone who knew anyone else involved in illegal activity and also deposited round sums into a bank account would be subject to the seizure of her funds.

## C. APPLICATION OF REQUIREMENTS TO FACTS INCLUDED IN THE COMPLAINT DEMONSTRATE THAT IS CANNOT SURVIVE

In summary, the government alleges that:

a. Claimant's sister, Brenda; her ex-boyfriend known only by a nickname, "Tieso;" and an unidentified "main target" of an investigation were arrested and charged with criminal activities.

b. Claimant's sister and the unknown "main target" lived in or were arrested at Claimant's alleged residence.

c. Claimant was seen driving a car that she owned while the DEA was conducting surveillance of these and other unspecified persons.

d. Claimant had two Bank of America accounts, one a checking and one a savings account and an account at New Mexico Bank & Trust.

e. Money was put into those accounts, sometimes in round numbers, and money was taken out of the accounts.

f. Some of the money in the accounts was used to buy Certificates of Deposit and then the funds from the Certificates of Deposit were put back into the checking and/or savings account at Bank of America.

It never alleges that Claimant was surveilled conducting illegal transactions. It does not allege that Claimant received the "round number" deposit amounts from any of the people charged with a crime. Claimant herself was not charged with a crime. It does not allege that Claimant's sister, Sylvia Anaya—who was named on Claimant's bank accounts—was charged with a crime or was seen during DEA surveillance engaging in criminal activity. Indeed, the only

allegation that the funds at issue in this case are subject to forfeiture is the bare conclusory statement found at the tail end of Plaintiff's factual recitation: "The totality of the circumstances establishes that Claimant has been receiving the cash from narcotic sales and has been depositing this cash into her bank accounts." *Cmplt*. at ¶15. This conclusory allegation is completely unfounded. Indeed, based upon Plaintiff's factual recitation the totality of the circumstances are that Plaintiff knew unsavory people, deposited money in "round" denominations and subsequently spent money.

More importantly, this bare conclusory claim completely fails to meet the minimum requirements of Rule 12(b)(6). The allegations allege no actual link between Claimant and the money in her bank account and any illegal activity. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F. 3d at 1177. The government has not met its burden under 12(b)(6) and its Complaint must be dismissed. Plaintiff's Complaint wholly fails to state facts sufficient to support a claim for relief under 18 U.S.C. § 981(a)(1)(A); 18 U.S.C. § 981(a)(1)(A) or 21 U.S.C. § 881(a)(6) and is therefore subject to dismissal under Rule 12(b)(6).

**D. AT A MINIMUM, FORFEITURE UNDER 18 U.S.C. §981 IS UNAVAILABLE. THE GOVERNMENT CANNOT DEMONSTRATE, OR EVEN ALLEGE, THE REQUISITE LINKAGE BETWEEN THE MONEY AT ISSUE AND CRIMINAL ACTIVITY. TO THE EXTENT THAT THE COMPLAINT RELIES UPON THIS STATUTE IT SHOULD BE DISMISSED.**

In addition to seeking forfeiture under 21 U.S.C. § 881(a)(6), the government alleges that the funds at issue in this case are subject to arrest and forfeiture under 18 U.S.C. §981 (a)(1)(A) because "the funds constitute property that was involved in an [sic] transaction or attempted

transaction in violation of 18 U.S.C. § 1956, or is property traceable to such property." *Cmplt* at ¶17. The government further alleges that the funds are subject to arrest and forfeiture under §981 because they "constitute property that was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957, or is property traceable to such property." *Cmplt*. at ¶18.

18 U.S.C. §981 requires the Government to show that the finds were involved in a transaction or are traceable to such transaction as those delineated in 18 U.S.C. §981(a)(1)(A)-(H). The plain language of the statute requires this linkage and cannot be satisfied by unsupported opinions as to the nature of the seized funds. The government has provided nothing in its Complaint that demonstrates a traceable link between the funds at issue and the claimed illegal activity by others that it describes in its Complaint. Claimant was never charged with a criminal violation and merely alleging that she knew criminals and deposited and then spent money is insufficient to meet the minimal requirements of pleading under 12(b)(6) with regard to any forfeiture sought under 18 U.S.C. §981 (a)(1)(A) .

## IV. CONCLUSION

The Complaint is devoid of sufficient well-pleaded and non-conclusory particularized factual allegations to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," especially as to the elements of the criminal statutes and civil forfeiture statutes that the Government alleges, in mere conclusory form, justify the forfeiture. Dismissal is the appropriate remedy.

**WHEREFORE**, Claimant Bricia Herrera respectfully requests that the Complaint in the above captioned case be dismissed, that her funds be returned to her, that she be awarded costs and fees pursuant to CAFRA, and the Court grant such further relief as it deems necessary and advisable.

Respectfully Submitted:
**AEQUITAS LAW, LLC**

/**s**/

By: _____

Anna C. Martinez
Attorney for Claimant
P.O. Box 25304
Albuquerque, NM  87125
(505) 750-8005
anna@aequitas.pro

I HEREBY CERTIFY that a true and correct
copy of the foregoing pleading was delivered
to opposing counsel via the Court's CM/ECF
document filing and delivery service on
July 3, 2012.

/**s**/

_____

Anna C. Martinez