UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                                           No. 11-cv-675-LH/KBM

FUNDS IN THE AMOUNT
OF $33,534.93 BANK OF AMERICA
ACCOUNT NUMBER ENDING **8429,

FUNDS IN THE AMOUNT
OF $5,118.11 BANK OF AMERICA
ACCOUNT NUMBER ENDING **5054,

Defendants,

BRICIA E. HERRERA-HERNANDEZ,

Claimant.

REPLY IN SUPPORT OF MOTION TO DISMISS
VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, Claimant Bricia Herrera, through counsel, **AEQUITAS LAW, LLC**,

Albert L. Hutchinson, Jr. and Anna C. Martinez, in support of her Motion to Dismiss, states:

*I. The Government Bears the Burden of Proving Forfeitability—and Its Complaint Must Plausibly Plead Facts to Support Forfeitability.*

As stated in its *Response in Opposition to Claimant's Motion to Dismiss*, the government

is correct that the pre-CAFRA burden-shifting is obsolete. The government agrees with Claimant

that it bears burden of proving forfeitability. *Response* at p. 4, (*citing* 18 U.S.C. § 983(c)).

Specifically, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c)(1)

(2006), provides that that the Government must demonstrate by a preponderance of the evidence that the property sought is subject to forfeiture. *Id*. Currency is subject to forfeiture if it was furnished or intended to be furnished by any person in exchange for controlled substances, if it is traceable to such an exchange, or if it was used to, or intended to be used to, facilitate any violation of the Controlled Substances Act. 21 U.S.C. § 881(a)(6) (2006).

The Supreme Court opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) abrogated the previously accepted rule that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"—the standard for deciding 12(b)(6) motions first stated fifty years earlier in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  To replace the old rule, the Court announced a new "plausibility" standard: that a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Following *Twombly*, there was some dissension regarding whether the Court intended to limit its holding to Sherman Act cases. Two years later, the Supreme Court laid the matter to rest in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), holding that the *Twombly* "plausibility" standard applies to **all cases**. *Id*., at 684. *Iqbal* further explained that "judicial experience and common sense" should inform the "plausibility" standard. *Id*., at 679. In addition, *Iqbal* set forth a "two-pronged" approach to 12(b)(6) motions. First, the court should identify and ignore all "conclusions" from the complaint not entitled to be taken as true for purposes of the motion to dismiss. *Id*. Second, the court should apply the "plausibility" standard to the complaint's remaining allegations. *Id*.

In its *Response*, the government explains in great detail that it is permitted to continue investigating its case in order to prove at trial that the *res* at issue is forfeitable. *Response* at p. 4,

7. This explanation is irrelevant to the Motion at bar. The Motion does not seek dismissal based upon a claim that the government cannot prove facts that it has alleged. The Motion seeks dismissal based upon the fact that the government has failed to allege facts that, if proven, could result in forfeiture.

The Response cites to *United States v. $40,000.00 in U.S. Currency*, 2010 WL 2330353, *4 (W.D.N.C. May 11, 2010), which provides a detailed explanation of the introduction of Rule G(2)(f), the Rule that supplanted E(2)(a). *United States v. $40,000.00 in U.S. Currency*, explains that the new rule specifically incorporates the holding in *United States v. Mondragon*, 313 F.3d 862 (4th Cir. 2002).

The holding in *Mondragon*, however, undermines the government's position that its present Complaint is sufficient to survive Claimant's Motion. In *Mondragon*, the Fourth Circuit emphasized that a complaint in which the link between the seized property and the offense was missing would **not be** sufficient. Instead, the complaint in *Mondragon* satisfied the particularity requirement only because it **also** provided details about the large amount of currency in unusual packaging, the professionally crafted hidden compartment in which the currency was stored, and the drug dog's alert to the back seat of the car by the hidden compartment. The combination of the dog alert, the rest of the circumstances, and the seizing officer's experience with drug traffickers was enough to reasonably connect drug trafficking to the seized money. *Id*. at 866. The facts provided in the complaint were, therefore, enough for Mondragon to commence a meaningful investigation of the facts and file a responsive pleading. *Id*. at 867.

In this case, the government has not provided and indeed refuses to provide that causal link. The money at issue herein was found not in a specialized hidden compartment, but a bank

account. It was not packaged for transportation. Instead, according to the government's

Response, pages 7-8, the facts alleged that supposedly allow Claimant to defend this case are:

1. Claimant bought two Certificates of Deposit in 2009 totaling $40,500.00.

2. In March 2010 Claimant purchased a vehicle outright for over $24,000 in cashier's checks from her accounts.

3. From March through December 2010 over $16,000 in cash was deposited into Claimant's bank accounts.

4. In December 2010 Claimant had over $28,000 in bank account *8429, and over $4,700 in bank account *5054.

5. Eleven cash deposits into Claimant's bank accounts were U.S. currency in round numbers (plus deposits of her paychecks). The round-numbered cash deposits are consistent with the sales of narcotics.

6. Claimant's sister was arrested at Claimant's address in or around November 2010 in connection with arrests and seizures of over 16 pounds of heroin, 7 pounds of methamphetamine, and approximately $90,000 cash.

7. Another vehicle registered to Claimant was observed during DEA surveillance being used to facilitate heroin trafficking.

8. Claimant's former boyfriend was arrested in December 2008 in connection with heroin trafficking at a residence that contained approximately two kilograms of methamphetamine.

9. Given Claimant's income compared to her purchases of CD's and a vehicle, and associations with drug traffickers, Claimant has been receiving cash from narcotics sales and depositing it into her bank accounts.

Some of these claimed facts are misleading. For example, it is true that one of Claimant's

sisters, Brenda Herrera-Hernandez was arrested. *Complaint* at ¶13. The government's Complaint

could survive dismissal—though it would ultimately fail at trial—if it alleged that Claimant's

money came from Brenda Herrera-Hernandez. The Complaint does not allege that link because it

is not true. The government's Response is also unclear that the sister who was arrested did not, at

any time, make any deposits into Claimant's account. The government also alleges that Brenda

Herrera-Hernandez resided at 2933 Owen SW in Albuquerque. *Id*. It does not allege that Brenda

Herrera-Hernandez was arrested at that location or even that any illegal activity took place at that location.

The Complaint alleges that Claimant owned a red Buick Century that was "observed on several occasions during surveillance of individuals involved in trafficking heroin." *Complaint* at ¶14. In the government's Response it claims that the Complaint alleges that a "…vehicle registered to Claimant was observed during DEA surveillance being used to facilitate heroin trafficking." *Response* at p. 8. This is false. Instead, the Complaint **only** alleges that the vehicle was seen. *Complaint*, *Id*. If the government wishes to make the claim that a vehicle owned by Claimant was involved in drug trafficking, it should do so in its Complaint. It should not be permitted to simply claim that the Complaint makes allegations that it does not. That would require the filing of an Amended Complaint—something that the government notably did not seek leave to do. Indeed, the government's Response misstates the claim that it made regarding Plaintiff's supposed vehicle on more than one occasion. *Response* at 9 ("[Claimaint…] owned a vehicle that was used to facilitate drug trafficking.") This claim cannot be found anywhere in the government's Complaint and the Court should not allow the government to pretend that it can. This non-plead allegation should be ignored in determining the sufficiency of the Complaint.

It may or may not be true that Claimant was the ex-girlfriend to "Tieso LNU" as alleged in the *Complaint* at ¶14. Certainly a well-pleaded Complaint should include "Tieso LNU['s]" full name. Regardless, assuming for the purposes of this Motion that this individual's identity is truly unknown, it remains true that alleging that Claimant's ex-boyfriend was arrested in 2008 for selling heroin and/or being in possession of methamphetamines **is not the same** as alleging that the money in Claimant's account came from "Tieso LNU." The government is free to develop evidence supporting its allegations, but it must first make those allegations. There is no dispute

5

that the government's claims amount to: a) Claimant knew drug traffickers, including a sister and an ex-boyfriend; b) Claimant had more money than she could have gotten from her job; c) the totality of these circumstances establish that Claimant has been receiving and depositing drug money in her account.

Separate and apart from the fact that the government will not be able to find anyone to testify that Claimant received drug proceeds—for the simple reason that she never did—the Complaint is *required* to allege a link between Claimant's money and 18 U.S.C. § 983. It must allege something more than: Claimant knew drug traffickers, had money and spent money. Even if the government is unable to provide the evidence to **prove** such allegations; those allegations must be **made**. Lacking any link between Claimant and her money and the unlawful activity described in the Complaint, the Complaint is deficient on its face. It is incompatible with the requirements of G(2)(f) and the Supreme Court's holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### *Claimant's Motion is Not Untimely*

In the conclusion paragraph of the government's brief, the United States asserts that: "Claimant's motion is also untimely in that she was able to file an answer to the complaint without further motion practice." This claim is incorrect. Specifically, Fed.R.Civ.P.12(h)(2) allows a party to raise the failure to state a claim defense after a responsive pleading. Rule 12(h)(2), allows a party to assert the failure to state a claim defense as long as it is presented before the end of a trial on the merits of the case. *See* Wright, Miller, Kane & Marcus, Federal Practice & Procedure, § 1392 (2011) ("basic purpose of Rule 12(h) (2) probably is to preserve

the defenses, rather than to delimit the precise timing of their assertion").  As explained by

Wright & Miller:

> In contrast to Federal Rule 12(h)(1)'s treatment of the defenses enumerated in
> Rules 12(b) (2) through 12(b) (5), Rule 12(h) (2) expressly preserves three
> defenses against waiver during the pleading, motion, discovery, and trial stages of
> the action. These are the Rule 12(b)(6) defense of failure to state a claim for
> relief, the Rule 12(b)(7) defense of failure to join a party who is indispensable
> under Rule 19, and the Rule 12(f) objection of failure to state a legal defense.
> These defenses have been singled out by the rulemakers for special treatment
> because they are obviously of greater importance than the defenses governed by
> Rule 12(h)(1).

Wright, Miller, Kane & Marcus, Federal Practice & Procedure, §1392.

The practical effect of Rule 12(h) (2) is that it "prolong[s] the life of certain defenses,"

and allows the defense of a failure to state a claim on which relief can be granted to be made

until trial. *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) (noting that "a defense based on ... [a]

'failure to state a claim upon which relief can be granted,' ... could be raised, at the latest, 'at the

trial on the merits'").

*Conclusion*

The government's complaint lacks the link necessary to meet the plausibility test to

which all complaints are subject. The Supreme Court's holding in *Iqbal* made it crystal clear that

the *Twombly* plausibility test applies to every civil case filed in every federal court. In other

words, though there is no requirement that Claimant's funds be linked to particular transactions,

the law does require that the government plausibly allege, in its Complaint, sufficient facts to

show that, if those facts are proven, the property is forfeitable. In this case, the government has

failed to meet this test. The United States did not request leave to amend and, consequently, this

Court should dismiss the Complaint for failure to state a claim and award Claimant her costs and

fees in defending this action.

<div style="margin-left: 50%;">

Respectfully Submitted:
**AEQUITAS LAW, LLC**

/**s**/

By:      _____

Anna C. Martinez
Attorney for Claimant
P.O. Box 25304
Albuquerque, NM  87125
(505) 750-8005
anna@aequitas.pro

</div>

I HEREBY CERTIFY that a true and correct
copy of the foregoing pleading was delivered
to opposing counsel via the Court's CM/ECF
document filing and delivery service on
August 13, 2012.

/**s**/

_____
Anna C. Martinez